# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# DENVER DIVISION

| | |
|---|---|
| **Lightwire, LLC,** | Case No. _____ |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **The Zerocoin Electric Coin Company, LLC** | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lightwire, LLC ("Lightwire"), through its attorneys, complains of The Zerocoin Electric Coin Company, LLC ("Zerocoin"), and alleges the following:

### PARTIES

1. Plaintiff Lightwire, LLC is a limited liability company organized and existing under the laws of California and maintains its principal place of business at 177 E. Colorado Boulevard, Suite 200, Pasadena, CA 91101.

2. Defendant The Zerocoin Electric Coin Company, LLC is a limited liability company organized and existing under the laws of Colorado that maintains its principal place of business at 1877 Broadway, Suite 100, Boulder, CO 80302.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Zerocoin because it has engaged in systematic and continuous business activities in the District of Colorado. As described below, Zerocoin has committed acts of patent infringement giving rise to this action within this District. In addition, Zerocoin is incorporated in the state of Colorado and headquartered in this District.

**VENUE**

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Zerocoin has committed acts of patent infringement in this District, is incorporated in the state of Colorado and headquartered in this District. In addition, Lightwire has suffered harm in this district.

**PATENT-IN-SUIT**

7. Lightwire is the assignee of all right, title and interest in United States Patent Nos. 7,412,422 (the "'422 Patent" or "Patent-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Lightwire possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Zerocoin.

**The '422 Patent**

8. The '422 Patent is entitled "Method and System for Securing User Identities and Creating Virtual Users to Enhance Privacy on a Communication Network," and issued August 12, 2008. The application leading to the '422 Patent was filed on March 22, 2001, which claims priority from provisional application number 60/191,625. A true and correct copy of the '422 Patent is attached hereto as Exhibit A and incorporated herein by reference.

9. The '422 Patent is valid and enforceable.

10. The inventors of the '422 Patent recognized that there was a growing need to secure internet users' online anonymity and online privacy. Ex. A, 1:60–61. In response, the

inventors created a system of virtual, anonymous personalities that allow internet users to safely and anonymously interact with the internet, such as performing virtual transactions, chatting with other users, or surfing the world wide web. Ex. A, 5:9–38.

### THE INFRINGING INSTRUMENTALITY

11. Zerocoin makes, uses, sells, imports, and/or offers for sale the Zcash Banking service ("Zcash Banking").

12. Zcash Banking is an online transactional platform that allows internet users to make online transactions anonymously and securely using a virtual entity. *See* https://z.cash/.

13. Zcash Banking stores virtual identification information, but not transactions, addresses, transaction amount or contents of the encrypted bank memo. *See* https://z.cash/technology/.

### COUNT I: INFRINGEMENT OF THE '422 PATENT

14. Lightwire incorporates the above paragraphs herein by reference.

15. **Direct Infringement.** Zerocoin has been and continues to directly infringe one or more claims of the '422 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Zcash Banking that infringes every limitation of Claim 1 of the '422 Patent literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the Patent-in-Suit have been made, used, sold, imported, and/or offered for sale by Zerocoin and/or its customers.

16. Attached as Exhibit B to this Complaint are charts comparing the Claim 1 of the '422 Patent to the Zcash Banking service. As set forth in these charts, the Alleged Instrumentality practices the technology claimed by the '422 Patent. Accordingly, the Zcash

Banking service incorporated in these charts satisfy all elements of at least Claim 1 of the '422 Patent.

17. Lightwire therefore incorporates by reference in its allegations herein the claim charts of Exhibit B.

18. Lightwire is entitled to recover damages adequate to compensate for Zerocoin's infringement.

## JURY DEMAND

19. Under Rule 38(b) of the Federal Rules of Civil Procedure, Lightwire respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Lightwire respectfully requests the following relief:

A. A judgment that the Patents-in-Suit are valid and enforceable.

B. A judgment that Zerocoin has infringed one or more claims of the '422 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Lightwire all appropriate damages under 35 U.S.C. § 284 for Zerocoin's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Lightwire for Zerocoin's infringement, an accounting:

    i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Lightwire be awarded its reasonable attorneys' fees against Zerocoin that it incurs in prosecuting this action;

ii. that Lightwire be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Lightwire be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: May 3, 2019                    Respectfully submitted,

*/s/ Isaac Rabicoff*
Isaac P. Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com
0
**Counsel for Plaintiff**